1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   LAJUANA LOCKLIN JOHNSON,

11                     Plaintiff,

12              v.

13   BANK OF NEW YORK MELLON, et
     al.,

14

15                     Defendants.

CASE NO. C16-0833JLR

ORDER TO SHOW CAUSE

## I.   INTRODUCTION

16

17      The court is in receipt of Plaintiff Lajuana Locklin Johnson's complaint. (Compl.

18   (Dkt. # 1).)  Ms. Johnson seeks damages and injunctive relief based on Defendants Bank

19   of New York Mellon (the "Bank") and Mortgage Electronic Registration Systems, Inc.'s

20   ("MERS") refusal to honor Ms. Johnson's notice of rescission. (*Id.* ¶¶ 1, 7-16.) Neither

21   the Bank nor MERS (collectively, "Defendants") has appeared. Having reviewed the

22   complaint, Plaintiff's counsel's past filings in this court, and the relevant law, the court

ORDER- 1

1  STAYS the case and ORDERS Plaintiff's counsel to show cause why the court should

2  not issue sanctions pursuant to Federal Rule of Civil Procedure 11 as described herein.

3  ## II.   BACKGROUND

4         On November 24, 2015, Ms. Johnson sent Defendants each a notice of the

5  rescission.  (Compl. ¶ 6, Ex. A ("Rescission Notices").)  Ms. Johnson executed her loan

6  with Defendants on October 7, 2005.  (*Id.* at 1-2.)  According to Ms. Johnson, the Federal

7  Truth in Lending Act, 15 U.S.C. § 1635 *et seq.* (hereinafter, "TILA"), permits her to

8  rescind her loan and obligates Defendants to honor that rescission and return all funds

9  within 20 days.  (Compl. ¶¶ 6-16; Rescission Notices.)  The basis for Ms. Johnson's

10  claims is Defendants' failure to respond to her rescission notices under TILA.  (*See*

11  Compl.)  The rescission notices, which Ms. Johnson attached to her complaint, make

12  clear that Ms. Johnson sent those notices more than a decade after executing the loans.

13  (*See* Compl.; Rescission Notices.)

14         Plaintiff's counsel, Jill J. Smith of the Natural Resource Law Group, PLLC, has

15  recently served as counsel in multiple similar cases involving TILA rescission.  Ms.

16  Smith has litigated at least two cases in which the undersigned judge dismissed her

17  clients' untimely rescission efforts pursuant to TILA's three-year statute of repose.  *See*

18  *Nieuwejaar, et al. v. Nationstar Mortg. LLC, et al.*, No. C15-1663JLR, Dkt. ## 22, 28;

19  *Johnson v. Green Tree Servicing, LLC, et al.*, No. C15-1685JLR, Dkt. # 22.  In

20  *Nieuwejaar*, this court made clear that binding authority dictates the conclusion that

21  "[t]he time constraint in TILA 'is a three-year statute of repose, requiring dismissal of a

22  claim for rescission brought more than three years after the consummation of the loan

ORDER- 2

1   secured by the first trust deed.'" *Nieuwejaar*, Dkt. # 22 at 5 (citing *Beach v. Ocwen Fed.*

2   *Bank*, 523 U.S. 410, 412 (1998) and quoting *McOmie-Gray v. Bank of Am. Home Loans*,

3   667 F.3d 1325, 1326 (9th Cir. 2012)).

4          The court rejected Ms. Smith's interpretation of *Jesinoski v. Countrywide Home*

5   *Loans, Inc.*, --- U.S. ---, 135 S. Ct. 790, 792-93 (2015). *Nieuwejaar*, Dkt. # 22 at 2. Ms.

6   Smith argued that *Jesinoski* vitiates the three-year statue of repose imposed by TILA. *Id.*,

7   Dkt. # 14 at 4-6. Ms. Smith supported that argument by taking out of context the

8   Supreme Court's statement that the right to rescind under TILA is effective upon

9   providing notice to the creditor. *Id.* at 4 ("Justice Scalia made a point of repeating that

10  the rescission was effective by operation of law on the date that it was mailed and pointed

11  out that the statute makes no distinction between disputed and undisputed rescissions –

12  they are all effective when mailed."). The opening paragraph of *Jesinoski* reads:

13          The Truth in Lending Act gives borrowers the right to rescind certain loans
            for up to three years after the transaction is consummated. The question
14          presented is whether a borrower exercises this right by providing written
            notice to his lender, or whether he must also file a lawsuit before the 3-year
15          period elapses.

16  *Jesinoski*, 135 S. Ct. at 791. Ms. Smith's reading of *Jesinoski* therefore appears

17  unreasonable and contrary to clear, binding law.[1]

18

19

20          _____

            [1] In *Nieuwejaar*, this court also rejected Ms. Smith's equally forced reading of *Paatalo v.*
21  *JP Morgan Chase Bank*, --- F. Supp. 3d ---, No. 6:15-cv-01420-AA, 2015 WL 7015317, at *3
    (D. Or. Nov. 12, 2015), which only confirms that "plaintiff's right to rescind, if not yet exercised
22  [after three years], has expired." *See Nieuwejaar*, Dkt. # 22 at 6 n.5 (quoting *Paatalo*, 2015 WL
    7015317, at *3).

1    In *Nieuwejaar*, this court rejected Ms. Smith's argument and dismissed her clients'

2  claim seeking to rescind a loan that was apparently recorded more than nine years earlier.

3  *Nieuwejaar*, Dkt. # 22 at 2.  However, the court granted leave to amend the complaint to

4  remedy the deficiencies identified in the court's order.  *Id.* at 8.  The Nieuwejaars

5  amended their complaint to include the conclusory statement that "[u]pon information

6  and belief, the loan was never consummated."[2]  *Id.*, Dkt. # 24 ¶ 12.  Apart from this

7  allegation, the plaintiffs' "second amended complaint ma[de] no factual allegations about

8  consummation of the subject loan."  *Id.*, Dkt. # 28 at 7.  Because of the dearth of facts

9  about consummation and the nine-year gap between the execution of the loan agreement

10  and the notice of rescission, the court found "no basis to infer that [the plaintiffs']

11  rescission was timely" under TILA.  *Id.* at 7-8; *see also id.* at 9 ("No further amendment

12  can cure the fact that Plaintiffs never had a right to rescind the subject loan under

13  TILA.").  On April 12, 2016, the court dismissed the claims in *Nieuwejaar* with

14  prejudice.  *Id.* at 9.

15    The plaintiff in *Green Tree*, also represented by Ms. Smith, presented a nearly

16  identical and flawed claim to this court.  *Green Tree*, Dkt. # 1.  The plaintiff sent the

17  defendants a notice of rescission in August 2015, but she did not allege the date on which

18  the subject loan was consummated.  *Id.*; *see also id.*, Dkt. # 22 at 3 n.3 ("Ms. Johnson

19  _____

20    [2] Ms. Smith repeats the same conclusory allegation in numerous cases, several of which
have been filed since the court indicated the insufficiency of that allegation in *Nieuwejaar*.  *See*
21  *Elder v. Pinnacle Capital Mortg. Corp., et al.*, No. C16-5355RBL, Dkt. # 1 ¶ 13; *Maxfield v.
Indymac Mortg. Servs., et al.*, No. C16-0564RSM, Dkt. # 3 ¶ 10; *Jenkins, et al. v. Wells Fargo
Bank, N.A.*, No. 16-0452TSZ, Dkt. # 1 ¶ 12.  Ms. Johnson makes the same allegation in her
22  complaint in this case.  (Compl. ¶ 13.)

does not allege when the loan transaction in question occurred, but she also does not

challenge Green Tree and Fannie Mae's assertions that she signed the loan contracts,

secured by a deed of trust against her residence, in 2004 and 2006."). Using similar

language and identical analysis to *Nieuwejaar*, the court categorically rejected Ms.

Smith's argument that "rescission is effective upon mailing, regardless of when mailing

occurs."[3] *Id.*, Dkt. # 22 at 8 & n.8 (citing *Jesinoski*, 153 S. Ct. at 792 and *Paatalo*, 2015

WL 7015317, at *3). Again, the court informed the plaintiff in *Green Tree* that her

"interpretation of TILA is incorrect. . . . In other words, once the right to rescind expires,

the borrower cannot execute the right." *Id.* The court granted the plaintiff in *Green Tree*

leave to amend, which she declined to do. Accordingly, the court dismissed *Green Tree*

with prejudice.[4] *Id.*, Dkt. # 23.

A review of Ms. Smith's recent filings in this District reveals that the undersigned

judge's experience is not unique. Ms. Smith has filed a troubling series of TILA cases

that appear to be based on the same frivolous theory. *See Elder v. Pinnacle Capital*

*Mortg. Corp., et al.*, No. C16-5355RBL, Dkt. ## 1, 1-1 (filing a complaint on May 13,

2016, which is nearly identical to the complaint in this case and seeks to rescind a loan

pursuant to TILA without providing a date for that loan); *Velasco, et al. v. Mortg. Elec.*

*Registration Sys., Inc., et al.*, No. C16-5022RBL, Dkt. # 30 (dismissing a claim for

---

[3] Ms. Smith's argument regarding *Jesinoski* in *Green Tree* parrots almost word-for-word her argument in *Nieuwejaar*. *Compare Nieuwejaar*, Dkt. # 14 at 4-6 *with Green Tree*, Dkt. # 13 at 3-5.

[4] *Nieuwejaar*, but not *Green Tree*, is currently on appeal to the Ninth Circuit.

1   enforcement of TILA rescission filed more than six years after the date of the rescission

2   notice on *res judicata* grounds); *Maxfield v. Indymac Mortg. Servs., et al.*, No.

3   C16-0564RSM, Dkt. # 3 (filing a complaint on April 19, 2016, which is nearly identical

4   to the complaint in this case and seeks to rescind a loan pursuant to TILA without

5   providing a date for that loan); *Jenkins, et al. v. Wells Fargo Bank, N.A.*, No.

6   16-0452TSZ, Dkt. # 1 (filing a complaint on March 31, 2016, which is nearly identical to

7   the complaint in this case and seeks to rescind a loan pursuant to TILA without providing

8   a date for that loan); *Burton, et al. v. Bank of Am., et al.*, No. C15-5769RBL, Dkt. # 20 at

9   5 (citing *Jesinoski*, 135 S. Ct. at 792) ("The Supreme Court's *Jesinoski* decision—quoted

10   by the Burtons—reiterates that while the three year limitation period may not apply to the

11   commencement of an action, it absolutely applies to the time frame for sending a

12   rescission notice . . . .  The Burtons' loan was consummated in 2005.  Their conditional

13   right to rescind expired in 2008—seven years before they sent the notice upon which this

14   action relies . . . ."); *Stennes-Cox v. Nationstar Mortg., LLC, et al.*, No. C15-1682TSZ,

15   Dkt. # 15 at 3-5 (rejecting the plaintiff's arguments based on *Jesinoski* and *Paatalo* and

16   dismissing with prejudice her claim seeking to rescind a loan eight years after

17   consummation).  To the extent those cases have progressed to motions practice, Ms.

18   Smith has made the same frivolous arguments based on strained interpretations of

19   *Jesinoski* and *Paatalo* that the court rejected in *Nieuwejaar* and *Green Tree*.

20          Indeed, Ms. Smith has been sanctioned by a judge in this District for bringing a

21   frivolous cause of action for TILA rescission based on an implausible interpretation of

22   *Jesinoski*.  *Johnson v. Nationstar Mortg. LLC, et al.*, No. C15-1754TSZ, Dkt. # 35 at 4

("Nothing in the Court's [*Jesinoski*] opinion suggests that lenders are forced to bring a lawsuit challenging a borrower's rescission within twenty days or forfeit the right to contest the validity of that rescission."), 6 ("Plaintiff's counsel is specifically ordered to explain why the plain text of 15 U.S.C. § 1635(f) and the Supreme Court's ruling in *Jesinoski v. Countrywide Home Loans*, 135 S. Ct. 790 (2015), that 'so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely,' does not squarely foreclose this suit."); *id.*, Dkt. # 41 at 1-2 (granting Defendants fees and sanctioning Ms. Smith $5,000.00). In that case, the court ordered Ms. Smith to show cause on March 10, 2016, and sanctioned her, based in part on her lack of response to the order to show cause, on May 20, 2016. *Id.*, Dkt. ## 35, 41.

Since being placed on notice that her argument based on *Jesinoski* is frivolous—a conclusion that Ms. Smith did not contest—Ms. Smith has continued to file lawsuits that appear to proceed on the same theory in this court. *See, e.g.*, *Elder*, No. C16-5355RBL, Dkt. ## 1, 1-1 (filing a complaint on May 13, 2016, which is nearly identical to the complaint in this case and seeks to rescind a loan pursuant to TILA without providing a date for that loan). This lawsuit appears to be another such case. (*See* Compl.; Rescission Notices (showing an apparent 10-year gap between consummation and notice of rescission).) Accordingly, the court orders Ms. Smith to show cause.

## III.    ANALYSIS

### A.    Federal Rule of Civil Procedure 11

Rule 11 requires that claims not be brought for an improper purpose; that claims be warranted by existing law or by a nonfrivolous argument for extending, modifying,

1  reversing, or establishing new law; and that factual contentions have evidentiary support

2  or will likely have such support after a reasonable opportunity for further investigation or

3  discovery.  Fed. R. Civ. P. 11(b).  "Where, as here, the complaint is the primary focus of

4  Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1)

5  whether the complaint is legally or factually 'baseless' from an objective perspective, and

6  (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and

7  filing it."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster*

8  *v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).  In other words, it is not enough that an

9  attorney conducted an insufficient factual investigation before filing the complaint; to be

10  frivolous, the complaint must also be, from an objective perspective, legally or factually

11  baseless.  *See In re Keegan Mgmt. Co.*, 78 F.3d 431, 434-35 (9th Cir. 1996).  In assessing

12  whether the filing of a particular paper was frivolous under Rule 11, the court should not

13  consider the ultimate failure on the merits or the subjective bad faith of the signing

14  attorney, but rather whether the position taken was "legally unreasonable" or "without

15  factual foundation."  *Zaldivar v. City of L.A.*, 780 F.2d 823, 831 (9th Cir. 1986),

16  *overruled on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399-405

17  (1990).

18  **B.    Order to Show Cause**

19      Based on the complaint, the attachments thereto, and Ms. Smith's prior

20  proceedings before this court, in which the court has clearly and repeatedly articulated the

21  binding caselaw on TILA rescission, the court orders Ms. Smith to show cause why it

22  should not issue sanctions pursuant to Rule 11.  Specifically, the court questions whether

the claims that Ms. Smith advances on behalf of Ms. Johnson are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11.  Further, the court questions whether the allegation that "the subject loan was never consummated" (Compl. ¶ 13) has "evidentiary support" or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," Fed. R. Civ. P. 11.  Accordingly, pursuant to Rule 11(c), the court orders Ms. Smith to show cause why it should not impose sanctions on her for violating Rules 11(b)(2) and 11(b)(3).  The court is considering dismissing this case, issuing monetary sanctions against Ms. Smith, and requiring Ms. Smith to file a copy of this order each time she files a new case in federal court.

Ms. Smith's response to this order must address how Ms. Johnson's claims, as stated in the complaint, comply with Rule 11(b)(2) in light of *Nieuwejaar*, *Green Tree*, the other cases in this District identified above, and the Ninth Circuit and Supreme Court cases cited therein.  Finally, Ms. Smith must address what "information and belief" she has that Ms. Johnson's loan in this case "was never consummated."  (Compl. ¶ 13); *see also supra* n.2.  Ms. Smith's response may not exceed 10 pages and is due no later than 15 days after the filing of this order.

//

//

//

//

//

1

## IV.   CONCLUSION

2          Based on the foregoing, the court ORDERS Ms. Smith to show cause why the

3   court should not issue sanctions pursuant to Rule 11.  Ms. Smith's response may not

4   exceed 10 pages and is due no later than 15 days after the filing of this order.

5          Dated this 22nd day of June, 2016.

6

7

8   _____

9   JAMES L. ROBART
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 10