1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| LAJUANA LOCKLIN JOHNSON, | CASE NO. C16-0833JLR |
|---|---|
| Plaintiff, | ORDER ISSUING SANCTIONS AND DISMISSING CASE |
| v. | |
| BANK OF NEW YORK MELLON, et al., | |
| Defendants. | |

## I.   INTRODUCTION

This matter comes before the court *sua sponte*.  Previously, the court ordered Jill J. Smith of the Natural Resource Law Group, PLLC, counsel for Plaintiff Lajuana Locklin Johnson, to show cause why the court should not sanction her pursuant to Federal Rule of Civil Procedure 11.  (OSC (Dkt. # 3); *see also* Compl. (Dkt. # 1).)  The court then ordered Ms. Smith to appear, and she presented argument on July 28, 2016, on why the court should not issue sanctions.  Having considered the written and oral arguments of

ORDER- 1

counsel, the appropriate portions of the record, and the relevant law, and considering itself fully advised, the court DISMISSES this case WITH PREJUDICE and SANCTIONS Ms. Smith as described more fully herein.

## II.  BACKGROUND

On June 6, 2016, Ms. Smith filed a complaint on behalf of Ms. Johnson seeking to enforce and obtain damages pertaining to her purportedly rescinded loans.  (Compl.)  The rescission notices that Ms. Johnson attached to her complaint make clear that she sent those notices more than a decade after executing the loans.  (*See* Rescission Notices (Dkt. # 1-1).)  The Truth in Lending Act (hereinafter, "TILA"), 15 U.S.C. § 1635 *et seq.*, permits rescission of certain loans but includes a three-year statute of repose.  *Jesinoski v. Countrywide Home Loans, Inc.*, --- U.S. ---, 135 S. Ct. 790, 792-93 (2015) ("The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated.").

Having presided over several of Ms. Smith's TILA rescission cases that feature substantially similar complaints to the one in this case, the court researched Ms. Smith's other filings in this district.  (*See* OSC at 5-6 (collecting cases).)  Ms. Smith has filed a troubling series of such cases.[1]  The Honorable Thomas S. Zilly sanctioned Ms. Smith

---

[1] *See Pelzel v. GMAC Mortg. Grp., LLC*, No. C16-5643RBL, Dkt. # 1 (filing a complaint on July 20, 2016, which alleges that "[u]pon information and belief, the subject loan was never consummated" and appears to suffer the same legal and factual deficiencies as this case); *Elder v. Pinnacle Capital Mortg. Corp., et al.*, No. C16-5355RBL, Dkt. ## 1, 1-1 (filing a complaint on May 13, 2016, which is nearly identical to the complaint in this case and seeks to rescind a loan pursuant to TILA without providing a date for that loan); *Velasco, et al. v. Mortg. Elec. Registration Sys., Inc., et al.*, No. C16-5022RBL, Dkt. # 30 (dismissing a claim for enforcement

$5,000.00 plus over $10,000.00 in attorneys' fees after ordering Ms. Smith to show cause regarding how binding Supreme Court caselaw does not foreclose her claim and receiving no response. *Johnson v. Nationstar Mortg. LLC, et al.*, No. C15-1754TSZ, Dkt. ## 35, 41. The claim in *Johnson v. Nationstar* strongly resembles Ms. Johnson's untimely effort to rescind pursuant to TILA in this case.

In light of this backdrop, the court stayed this case and ordered Ms. Smith to show cause no later than July 7, 2016, why the court should not issue sanctions pursuant to Federal Rule of Civil Procedure 11. (OSC at 8-10.) The court indicated that it was

---

of TILA rescission filed more than six years after the date of the rescission notice on *res judicata* grounds); *Maxfield v. Indymac Mortg. Servs., et al.*, No. C16-0564RSM, Dkt. # 3 (filing a complaint on April 19, 2016, which is nearly identical to the complaint in this case and seeks to rescind a loan pursuant to TILA without providing a date for that loan); *Jenkins, et al. v. Wells Fargo Bank, N.A.*, No. 16-0452TSZ, Dkt. # 1 (filing a complaint on March 31, 2016, which is nearly identical to the complaint in this case and seeks to rescind a loan pursuant to TILA without providing a date for that loan); *Burton, et al. v. Bank of Am., et al.*, No. C15-5769RBL, Dkt. # 20 at 5 (citing *Jesinoski*, 135 S. Ct. at 792) ("The Supreme Court's *Jesinoski* decision—quoted by the Burtons—reiterates that while the three year limitation period may not apply to the commencement of an action, it absolutely applies to the time frame for sending a rescission notice . . . . The Burtons' loan was consummated in 2005. Their conditional right to rescind expired in 2008—seven years before they sent the notice upon which this action relies . . . ."); *Johnson v. Green Tree Servicing, LLC, et al.*, No. C15-1685JLR, Dkt. # 22 at 8-9 (dismissing the case and rejecting the arguments that TILA "rescission is effective upon mailing, regardless of when mailing occurs" and that "the court cannot presume consummation until after discovery is conducted on the matter"); *Stennes-Cox v. Nationstar Mortg., LLC, et al.*, No. C15-1682TSZ, Dkt. # 15 at 3-5 (rejecting the plaintiff's arguments based on *Jesinoski* and *Paatalo* and dismissing with prejudice her claim seeking to rescind a loan eight years after consummation); *Nieuwejaar, et al. v. Nationstar Mortg. LLC, et al.*, No. C15-1663JLR, Dkt. ## 22 at 6-7 ("Plaintiffs also attempt to address the timeliness issue by raising the possibility that the loan was never consummated. . . . Plaintiffs' complaint contains no allegations regarding the failure to establish a contractual obligation. . . . Thus, Plaintiffs have not pleaded facts that allow the court to reasonably infer that Plaintiffs' notice of rescission was effective . . . ." (internal citations omitted)), 28 at 7 ("Moreover, despite the court's guidance that Plaintiffs must allege facts about the loan transaction before the court can infer a problem with consummation . . . , Plaintiffs' second amended complaint does not contain a single factual allegation to suggest the subject loan was never consummated . . . . Thus, Plaintiffs again fail to allege facts from which the court can infer that their May 2015 notice of rescission was timely." (internal citations omitted)).

ORDER- 3

specifically considering sanctioning Ms. Smith and Ms. Johnson by "dismissing this case, issuing monetary sanctions against Ms. Smith, and requiring Ms. Smith to file a copy of this order each time she files a new case in federal court." (*Id.* at 9.) Ms. Smith failed to file a timely response to the court's order to show cause. (*See* Dkt.) The court therefore ordered Ms. Smith to appear on July 28, 2016, for an in-court sanctions hearing. (7/18/16 Min. Ord. (Dkt. # 4) at 1-2.)

On July 27, 2016, almost three weeks after her response was due and the day before the sanctions hearing, Ms. Smith filed a response to the order to show cause. That response states the facts of the case as Ms. Smith sees them but without reference to any affidavit or other verified source. (OSC Resp. (Dkt. # 5) at 1-4.) In addition, Ms. Smith attempts to address some of the specific considerations the court ordered her to respond to in its prior order. (*Id.* at 5-6.) However, she makes no reference to any of the prior cases she has filed in this court or "the Ninth Circuit and Supreme Court cases cited" in the order to show cause. (*See* OSC at 9 ("Ms. Smith's response to this order must address how Ms. Johnson's claims, as stated in the complaint, comply with Rule 11(b)(2) in light of *Nieuwejaar*, *Green Tree*, the other cases in this District identified above, and the Ninth Circuit and Supreme Court cases cited therein. Finally, Ms. Smith must address what "information and belief" she has that Ms. Johnson's loan in this case "was never consummated."); *see generally* OSC Resp.)

Ms. Smith appeared in court on July 28, 2016, and defended the factual allegations and legal theory underpinning Ms. Johnson's claim. (7/28/16 Min. Entry (Dkt. # 6).) In general terms, Ms. Smith argued that circumstances surrounding the loan, such as the

manner in which it was funded, make it questionable whether the loan was ever consummated. If the loan was never consummated, she reasons, the three-year statute of repose never began and therefore never expired.

The matter of Rule 11 sanctions is now before the court.

### III.   ANALYSIS

**A.   Legal Standard**

Federal Rule of Civil Procedure 11 governs sanctions of the type issued herein. Rule 11(b) provides in full:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). In its June 22, 2016, order, the court placed Ms. Smith on notice and allowed her to respond regarding potential violations of Rules 11(b)(2) and 11(b)(3).

**B.   Violations of Rule 11**

Ms. Johnson alleges that "[u]pon information and belief, the subject loan was never consummated." (Compl. ¶ 13.)  This conclusory allegation appears intended to circumvent TILA's three-year statute of repose, which begins upon consummation of the

ORDER- 5

loan.[2] *See* 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ."); *Jesinoski*, 135 S. Ct. at 792-93. At the hearing, Ms. Smith argued that if the loan was never consummated, the three-year statute of repose has not begun, has not expired, and therefore the rescission is timely.

In the numerous opportunities the court has afforded Ms. Smith to provide a factual basis for this allegation, she has provided none. Ms. Smith has also provided no evidence of any legal or factual "inquiry" that she performed, and accordingly the court

---

[2] In *Nieuwejaar*, the plaintiffs—also represented by Ms. Smith—"attempt[ed] to address the timeliness issue by raising the possibility that the loan was never consummated." *Nieuwejaar*, Dkt. # 22 at 6. However, the plaintiffs' original complaint "contain[ed] no allegations regarding the failure to establish a contractual obligation," and the court accordingly dismissed that complaint with leave to amend. *Id.* at 7-8. The plaintiffs' amended complaint added the same conclusory allegation that Ms. Johnson alleges in this case—that "[u]pon information and belief, the subject loan was never consummated." *Id.*, Dkt. # 24 ¶ 12. In dismissing the amended complaint with prejudice, the court unequivocally indicated to the plaintiffs that this allegation is insufficient:

> [L]ike their original complaint, Plaintiffs' second amended complaint makes no factual allegations about consummation of the subject loan. . . . Plaintiffs' only allegation about consummation is that "[u]pon information and belief, the subject loan was never consummated." . . . That statement is a legal conclusion, which is not entitled to a presumption of truth. . . . At this stage, the court considers the factual allegations in the complaint in the light most favorable to Plaintiffs. . . . However, as the court explained in its previous order of dismissal, Plaintiffs must actually allege facts that, if true, would support their claims. . . . The court still cannot infer a problem with consummation because Plaintiffs still have not pleaded any facts to support such an inference.

*Id.*, Dkt. # 28 at 7 (internal citations omitted).

These events occurred before Ms. Smith filed the instant case on behalf of Ms. Johnson. (*See* Compl.) Ms. Smith's troubling inability or unwillingness to heed the court's prior ruling further demonstrates that Ms. Smith is engaged in progressively more frivolous efforts at pleading around TILA's period of repose despite lacking a factual basis for her allegations.

can only determine whether the inquiry was "reasonable under the circumstances" based on the allegations and arguments that Ms. Smith has advanced in opposition to the frivolity of Ms. Johnson's claim.  Fed. R. Civ. P. 11(b).

Under TILA, "[c]onsummation means the time that a consumer becomes contractually obligated on a credit transaction."  12 C.F.R. § 226.2(a)(13); *see also Grimes v. New Century Mortg. Corp.*, 340 F.3d 1007, 1009 (9th Cir. 2003).  "Under the Official Staff interpretation, state law determines when a borrower is contractually obliged." *Grimes*, 340 F.3d at 1009 (citing 12 C.F.R. § 226, Supp. 1 (Official Staff Interpretations), cmt. 2(a)(13)); *see also id.* at 1010 (applying California law to determine whether a California loan was consummated for purposes of TILA).  In Washington, "for a contract to form, the parties must objectively manifest their mutual assent" to "sufficiently definite" contractual terms.  *Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d 945, 949 (Wash. 2004).  In addition, "the contract must be supported by consideration to be enforceable." *Id.* (citing *King v. Riveland*, 886 P.2d 160, 164 (Wash. 1994)).

Ms. Smith indicates that on October 6, 2005, Ms. Johnson "entered into what she thought was a mortgage loan to purchase" property.  (OSC Resp. at 1.)  At oral argument, Ms. Smith argued that if the loan was never funded then the loan was never consummated.[3]  However, Ms. Smith conceded at oral argument that the relevant parties

---

[3] This court has previously rejected this argument by Ms. Smith.  *See Johnson v. Green Tree Servicing, LLC*, No. C15-1685JLR, 2016 WL 1408115, at *4 n.9 (W.D. Wash. Apr. 6, 2006) ("Ms. Johnson's only challenge to consummation suggests that 'if the loan was never

signed the loan paperwork, money was transferred to the sellers of the house, and Ms. Johnson took possession of the property. These facts unarguably give rise to a contract under Washington Law. *See Keystone*, 94 P.3d at 949; *see also Grimes*, 340 F.3d at 1009-10. Ms. Smith nonetheless argued that the loan was unconsummated at that juncture based on the manner in which it was funded and the subsequent history of the loan.

Ms. Smith's protestations in her response and at oral argument that the loan was table-funded[4] (*id.* at 4-5) and her account of the history of the loan subsequent to its consummation (OSC at 2-4) are both irrelevant to her allegation that "the loan was never consummated" (Compl. ¶ 13). Despite being afforded numerous opportunities to do so, Ms. Smith has failed to provide any legal authority—or even a cogent argument—supporting the proposition that the type of funding or subsequent transfers of a loan impact whether the loan was consummated.[5] (*See, e.g.*, OSC Resp. at 5 ("One of the questions at issue is that if a party is merely an originator and NOT a lender or creditor, is there some theory where a loan contract could be considered consummated? If Plaintiff's

---

actually funded, but was part of a hedge fund investing scheme . . . then the loan was never consummated, for example.' This hypothetical fails to support a plausible inference that the subject loan was not consummated because Ms. Johnson does not connect her hypothetical situation with specific allegations about the subject loan." (alteration in original) (internal citations omitted)).

[4] "In a table-funded loan, the originator closes the loan in its own name, but is acting as an intermediary for the true lender, which assumes the financial risk of the transaction." *Easter v. Am. W. Fin.*, 381 F.3d 948, 955 (9th Cir. 2004).

[5] Ms. Smith's argument regarding consummation is also inconsistent with her theory of the case. If the subject loan was never consummated, Ms. Johnson need not bring "an enforcement action of the rescission notice." (OSC Resp. at 1.)

ORDER- 8

1  loan was a table-funded loan, the answer must be 'no.'").) Nor has Ms. Smith pointed to
2  any further evidence providing "information and belief" that "the subject loan was never
3  consummated." (Compl. ¶ 13.)

4      The foregoing analysis leads the court to conclude that Ms. Smith's factual
5  allegation that "the loan was never consummated" and the legal theories underpinning
6  that allegation violate Rules 11(b)(2) and 11(b)(3).[6] *See* Fed. R. Civ. P. 11(b)(2)
7  (requiring that "the claims, defenses, and other legal contentions are warranted by
8  existing law or by a nonfrivolous argument for extending, modifying, or reversing
9  existing law or for establishing new law"); Fed. R. Civ. P. 11(b)(3) (requiring that
10 "factual contentions have evidentiary support or, if specifically so identified, will likely

---

[6] In previous cases before the court, Ms. Smith has advanced a different—but equally frivolous—legal theory in support of her clients' untimely TILA rescission actions. In *Nieuwejaar*, Dkt. # 14 at 4-6, for instance, Ms. Smith argued that *Jesinoski* vitiates the three-year statute of repose imposed by TILA. According to this theory, irrespective of the timeliness or legal effect of an obligor's notice of rescission, sending such notice triggers a 20-day period in which the lender must respond; otherwise the loan is deemed rescinded. *Id.* Ms. Smith supported that argument by taking out of context the Supreme Court's statement that the right to rescind under TILA is effective upon providing notice to the creditor. *Id.* at 4 ("Justice Scalia made a point of repeating that the rescission was effective by operation of law on the date that it was mailed and pointed out that the statute makes no distinction between disputed and undisputed rescissions – they are all effective when mailed."). However, as Judge Zilly made clear in sanctioning Ms. Smith, "because plaintiff's attempt at rescission was void *ab initio*, there was no obligation for defendants to file a suit challenging the attempted rescission." *Johnson v. Nationstar Mortg.*, Dkt. # 35 at 4; *see also Jesinoski*, 135 S. Ct. at 791 ("The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated. The question presented is whether a borrower exercises this right by providing written notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses.").

    When confronted with *Jesinoski* at the hearing, Ms. Smith fell back on the factually unsupported and legally frivolous consummation argument described above. The consummation argument represents only the most recent permutation of Ms. Smith's futile efforts to maintain frivolous, untimely TILA rescission claims in federal court.

have evidentiary support after a reasonable opportunity for further investigation or discovery"). The court analyzes the appropriate sanctions below.

## C. Appropriate Sanctions

Rule 11(d) limits sanctions to "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(d). Ms. Smith's actions in this case demonstrate that the previous sanctions she incurred—dismissal with prejudice, $11,972.50 in attorneys' fees payable by her client, and a $5,000.00 sanction payable to the court—constituted insufficient specific deterrence. *See Johnson v. Nationstar*, No. C15-1754TSZ, Dkt. ## 35, 41-43. The court finds it appropriate to impose greater monetary sanctions payable by Ms. Smith and her law firm and dismiss the case with prejudice.[7] The court accordingly issues the following sanctions:

(1) No more than 30 days after the date of this order, Ms. Smith and the Natural Resource Law Group must jointly pay sanctions of $10,000.00 to the court;

(2) No more than 30 days after the date of this order, Ms. Smith and the Natural Resource Law Group must fully reimburse Ms. Johnson for any attorneys' fees or costs

---

[7] The court liberally considers granting amendment. *See* Fed. R. Civ. P. 15(a). However, after affording Ms. Smith numerous opportunities to persuade the court otherwise, the court concludes that Ms. Johnson's case is based on frivolous legal theories. Accordingly, the court finds that amendment would be futile. *See Greenspan v. Admin. Office of the U.S. Courts*, No. 14cv2396 JTM, 2014 WL 6847460, at *11 (N.D. Cal. Dec. 4, 2014) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)) ("While leave to amend is to be freely given under [Federal Rule of Civil Procedure] 15(a), the court denies the motion [to amend] because . . . amendment is futile under the legal theories asserted in the proposed [amended complaint].").

In addition, the court considered requiring Ms. Smith to file a copy of this order with each new TILA-based complaint she files in this District. (*See* OSC at 9.) However, because that sanction could prejudice Ms. Smith's present and future clients, the court declines to impose that sanction at this time.

paid by Ms. Johnson in conjunction with this case and file certification with the court that they have done so; and

    (3) The court dismisses the complaint with prejudice.

## IV. CONCLUSION

    Based on the foregoing analysis, the court DISMISSES the case WITH PREJUDICE and SANCTIONS Ms. Smith as described above.

    Dated this 10th day of August, 2016.

                                     JAMES L. ROBART
                                     United States District Judge