UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAJUANA LOCKLIN JOHNSON,<br><br>               Plaintiff,<br>    v.<br><br>BANK OF NEW YORK MELLON, et al.,<br><br>              Defendants. | CASE NO. C16-0833JLR<br><br>ORDER DENYING MOTION TO VACATE AND ORDER TO SHOW CAUSE |

Before the court is a motion to vacate two orders imposing sanctions on Jill J. Smith, counsel for Plaintiff Lajuana Locklin Johnson. (Mot. (Dkt. # 23); *see* 8/10/16 Order (Dkt. # 7); 1/27/17 Order (Dkt. # 22).) Ms. Smith argues that because she has refrained from filing any further Truth in Lending Act ("TILA") cases, she has "complied with the underlying conditions that led to the issuance of sanctions" and thus requests that the court vacate the sanctions entered against her for violating Federal Rules of Civil

//

ORDER - 1

Procedure 11(b)(2) and (11)(b)(3). (Mot. at 2-3.) Ms. Smith contends that relief is warranted under Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6). (*Id.* at 3.)

The court disagrees. Federal Rules of Civil Procedure 60(b)(5) and (6) allow for a court to relieve a legal representative from a final judgment or order when "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; [] applying it prospectively is not longer equitable; or . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6). Generally, the rules allow a party to move for relief "when a significant change in facts or law warrants . . . amendment." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 441 (2004).

Here, Ms. Smith offers no evidence that the sanction has been satisfied, nor does she provide any support for her assertion that the sanction order is no longer equitable. (*See generally* Mot.) Her only contention that could be viewed as a change in facts is that she has filed "[n]o further TILA-based cases." (*Id.* at 3.) But the fact that Ms. Smith may have been deterred from repeating wrongful conduct does not exonerate the earlier behavior that warranted imposing the sanction. The punishable conduct has already occurred and cannot be taken back.

Not only has Ms. Smith failed to show that relief is warranted under Rule 60(b), but she also seems to have ignored the court's previous orders. The court ordered Ms. Smith to pay her sanction in $300.00 quarterly installments (1/27/17 Order at 1-2), but she provides no evidence to show that these payments were made (*see* Mot.). The court additionally ordered her to file a quarterly declaration indicating when she paid her quarterly amount, how much she paid, the manner in which she paid, and a balance sheet

ORDER - 2

showing the amount remaining. (1/27/17 Order at 2.) There is no evidence that Ms. Smith filed any of these quarterly declarations. (*See* Dkt.) The court made clear that the "failure to comply with the requirements of this order may result in further sanctions." (1/27/17 Order at 2.)

Accordingly, the court DENIES Ms. Smith's motion to vacate the court's previous sanction orders (Dkt. # 23). The court further ORDERS Ms. Smith to show cause for her failure to obey a court order. Ms. Smith's response may not exceed ten (10) pages and is due no later than fifteen (15) days after the entry of this order.

Dated this 3rd day of April, 2018.

JAMES L. ROBART
United States District Judge